OPINION
Lawrence D. Kreuzer is appealing from the grant of a civil protection order to his daughter, Stacy L. Kreuzer. The order was issued on April 24, 2001, following a full hearing on April 11, 2001. The facts, circumstances of the case, and findings of the trial court are set forth in full in the following order by Judge Charles A. Lowman, sitting by assignment:
 This matter came on for a full hearing on April 11, 2001, and was presided over by the Honorable Charles A. Lowman. Present in Court were the Petitioner with her attorney, Gary R. Johnson. The Respondent appeared pro se. The testimony was taken and Respondent's Exhibits "A" and "B" were accepted into evidence.
 Pursuant to the testimony received and said exhibits, the Court finds that the Petitioner is the daughter of the Respondent; is nineteen (19) years of age; and a senior at Xenia High School. She resides with her mother and will be emancipated after graduating next month from high school. There has been little or no visitation over the past seventeen (17) years since the divorce between the Respondent and the Petitioner's mother. Respondent's Exhibit "B" shows that the Petitioner's mother received a Civil Protection Order issued in this Court on January 5, 2001. Although she was a member of her mother's household at the time the CPO was issued, the Petitioner was not included in that Civil Protection Order and hence filed this domestic violence petition against the Respondent.
 Petitioner testified that the Respondent came to her school approximately two (2) months ago and picketed it. The Respondent also came in the school asking for the Petitioner's records. The Petitioner's demeanor indicated an intense fear of the respondent. She also testified that she is embarrassed and humiliated along with being fearful of him. She further testified that over the years the Respondent has exhibited bizarre behavior, such as climbing up in a tree with binoculars when she was in the first grade and following her while she was in Yellow Springs, Ohio, approximately three (3) years ago. She also testified that after the respondent described where she and her brother slept at night, through a drawing and diagram of the house, she became fearful of him. In addition, it was brought out that the Respondent has been imprisoned for the sale of drugs, felony child support, and other support order violations. The Respondent's past history demonstrates a strong tendency toward disturbing erratic behavior and an obsessive nature.
 The Respondent denies following her in Yellow Springs or spying on the Petitioner from the tree when she was in the first grade. He acknowledges that the Petitioner is very afraid of him and admits to the various unlawful activities for which he was imprisoned. He states that his reason for being at the school was because of Petitioner's pending emancipation proceedings and was only there to find out if she was a full-time student. He further testified that he picketed the school to get out a message to other children that might have visitation problems, not just his own daughter. The Respondent admitted that he ceased picketing the home Petitioner shares with her mother and brothers after a civil protection order was issued on behalf of his former wife. This CPO that ordered the Respondent to stay away from his former wife's home specifically excluded the Petitioner's name. Respondent then began picketing her school. Because of the Respondent's history of intimidation, his presence at the school, and his general unlawful activity, the Petitioner is fearful that he will cause her serious physical harm. It is obvious that he has caused her emotional harm and mental distress already.
 The Court finds that the Petitioner is in fear of imminent harm by the Respondent. It also determines that the respondent is intentionally and knowingly exerting a subtle threat of force or harm to the Petitioner pursuant to Section 3113.31(A)(1)(b) of the Ohio Revised Code. The thrust of the domestic violence statute is to protect family and household members from violence or the threat of violence. We have a frightened nineteen (19) year old girl, who is legally an adult, but is still a high school student, living with her mother, the ex-wife of the Respondent, and attending high school where she will graduate in May 2001. Petitioner endured years of intimidation and fear by the Respondent's hand; that fear appearing to the Court by her demeanor on the witness stand. Based upon the Respondent's past criminal behavior; bizarre history over the years; and the testimony received on this date, the Court finds the Petitioner's fear is reasonable considering the Respondent's past history of menacing and stalking.
 Threats of violence constitute domestic violence if the fear resulting from those threats is reasonable. Even though the Respondent did not verbally or physically intimidate the Petitioner, his continued ominous presence, first outside of her home and then continuously outside of her school, is dangerous and threatening. Eichenberger v. Eichenberger (1992), 82 Ohio App.3d 809, 815, 613 N.E.2d 678. A review of the record shows sufficient, credible evidence to support a finding, by a preponderance of the evidence, that Respondent knowingly caused the Petitioner to believe that he would cause her physical harm and calculated the threat to an extent to cause a person of reasonable sensibility to fear physical harm would occur. Strong v. Bauman (May 5, 1999), Montgomery App. No. 17256, 17414, unreported.
(Docket 27.)
The Court then found that the facts contained in Stacy's petition are true and that Kreuzer engaged in domestic violence against her as defined in R.C. 3113.31(A), and it issued a number of specific orders to govern Kreuzer's conduct for the next five years.
The Domestic Violence statute cited by the trial court defines domestic violence as, inter alia, "(b) placing another person by the threat of force and fear of imminent serious physical harm * * *."
We have read the transcript of the hearing and it fully supports the court's finding that Stacy was in a state of fright, because of fear of imminent harm by the appellant, the court found that Stacy's fear was reasonable because of her knowledge and even past subjection to Mr. Kreuzer's bizarre, threatening, and menacing acts over a period of many years since his divorce from Stacy's mother. For instance, as to the picketing of the school, we note that Mr. Kreuzer began that only after this court affirmed a prior CPO that ordered Mr. Kreuzer to stop picketing his former wife's house which he had been doing for a long time. Kreuzer v. Kreuzer (July 13, 2001), Greene App. No. 2001-CA-09, unreported. We found that type of picketing menacing itself.
Mr. Kreuzer's long history of bizarre behavior in Greene County is well known to this court and to the trial courts of Greene County. Furthermore, he has always prosecuted his many cases pro se, both at the trial level, as here, and at the appellate level, also as in this case. We even noted in a prior decision that Kreuzer had litigated a total of thirteen (13) cases over a span of seven (7) years. Mazur v. Kreuzer (June 9, 2000), Greene App. No. 99-CA-111, unreported. This must be the fourteenth. On appeal, Kreuzer presents the following six assignments of error:
 THE COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT AN ACT OF DOMESTIC VIOLENCE OCCURRED ON MARCH 8, 2001.
 THE COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT APPELLEE'S FEAR WAS REASONABLE.
 THE COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT APPELLANT PLACED APPELLEE IN FEAR OF IMMINENT SERIOUS PHYSICAL HARM.
 THE COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING EVIDENCE AT THE HEARING.
 THE COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE DISTANCE THAT APPELLANT MUST KEEP AWAY FROM APPELLEE TO BE 500 YARDS.
 THE COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE A CPO DUE TO THE FACT THAT THE RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Unfortunately, there was no appellee brief filed in this case.
As the Court of Appeals of Franklin County said, "Fear always has a subjective element to it, but here the trial court expressly indicated that Ms. Eichenberger's fear was reasonable. Thus, we are not met with a situation where the fear is utterly irrational, despite appellant's understandable view that the fear was irrational in light of his lack of action causing physical harm in the past." Eichenberger v. Eichenberger (1992), 82 Ohio Appl. 3d 809, 815. We do not find that the trial court's judgment was an abuse of discretion. For the above reasons, appellant's first three assignments of error and his sixth assignment of error are overruled.
In his fourth assignment of error, appellant objects to the court excluding some psychological reports which were apparently entered in 1996 in his divorce case. Appellant's attempt to enter these documents were objected to by counsel for his daughter, which led to a somewhat extended dialogue between appellant and the trial court, which explained its ruling as follows:
 Mr. Kreuzer, I'm going to sustain the objection. Let me explain to you why, ok. We're here on a civil protection order, ok. It's basically a civil case. Umm, this is not about the visitation issue, okay. And if, I don't know why you want this in here, but the relevance, what is relevant five years ago is not necessarily relevant today, and that's the reason why I'm excluding it.
Tr., at 26.
The court then said further:
 But that psychologist is not here to talk about why it's relevant today. This is a report issued in 1996, so. For those reasons, respectfully, there's nothing you can say that would change my mind on admitting that report, okay. So you can proceed.
Tr., at 27.
As appellant admits in his brief, the admission or exclusion of evidence rests within the sound discretion of the trial court and a reviewing court may reverse only upon a showing that this discretion was abused. We find no abuse of discretion in the court's action here. The fourth assignment of error is overruled.
In his fifth assignment of error, appellant argues that the five hundred yards distance he is ordered to keep from his daughter is too long and probably should be one hundred yards or less. In this case, however, based upon the extreme fear Stacy exhibited towards her father, we find that the five hundred yards is not an abuse of discretion by the trial court. The fifth assignment of error is overruled.
Having overruled all appellant's assignments of error, we affirm the judgment of the trial court.
BROGAN and GRADY, J. J., concur